842 F.2d 333
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael D. ELLICK, Defendant-Appellant.
 No. 87-3567.
 United States Court of Appeals, Sixth Circuit.
 March 18, 1988.
 
 Before ENGEL, CORNELIA G. KENNEDY and KRUPANSKY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Ellick was convicted following a jury trial on three counts of an indictment charging him with possession of a firearm in violation of the Armed Career Criminal Act of 1984, 18 U.S.C. app. Sec. 1202(a)(1) (Counts 1 and 2) and making a false statement in connection with the purchase of the weapon contrary to 18 U.S.C. Sec. 922(a)(6) (Count 3). He stipulated to the fact that he had three prior felony convictions which were sufficient to qualify him for treatment under the Career Criminal Act. Ellick, who is black, took the stand on his own behalf.
 
 
 2
 Court-appointed counsel on appeal raises two issues. Counsel, relying primarily upon Rosales-Lopez v. United States, 451 U.S. 182 (1981), claims first that the trial judge erred in refusing his request that the jury be asked if they would take into account a witness' race or ethnic heritage in deciding the witness' credibility. The failure to grant this right, he claims, adversely affected his ability intelligently to determine challenges for cause and, further, impaired his right to observe the jury and to exercise his rights to preemptory challenges. Ellick's counsel's second claim is that Judge Rubin erred in answering a question from the jury which was submitted to the court after the jury was in deliberation. The question pertained to the meaning of a particular exhibit and its interpretation.
 
 
 3
 We conclude that the trial court erred in both circumstances. Rosales-Lopez, while not announcing a per se rule of constitutional significance, nonetheless established the norm in federal prosecutions that, where the defendant was a member of a minority and requested a voir dire question on racial prejudice, the court should normally grant such a request. 451 U.S. at 191. The majority in Rosales-Lopez held that the Constitution required such questioning only when racial issues are inextricably bound up with the conduct of the trial, and there are substantial indications of the likelihood of racial or ethnic prejudice affecting the jurors in the particular case. Id. at 189-190. However, even in those situations where the Constitution is not implicated, the Court stated that the total circumstances of each case should be examined to determine whether "there is a reasonable possibility that racial or ethnic prejudice might have influenced the jury." Id. at 191. To demonstrate this possibility the defendant argued that the witnesses in the trial were divided along racial lines, those on behalf of the prosecution being white, and those on behalf of the defense being black. The government points out, however, that at least one of the government witnesses was black, and argues that this fact bears upon the reasonableness of Ellick's claim.
 
 
 4
 We can see little or no basis for a trial court refusing to give a simple instruction of this nature when requested, and the overwhelming number of trial judges in such situations avoid the potential for error by giving such instructions as a matter of course. Obviously, this is in complete accordance with the philosophy of the Supreme Court. In the circumstances presented here, however, given the nature of the proof, the absence of any special circumstances which might lead to a possibility of prejudice, and the absence of any irregularities otherwise noted in the trial, we are convinced that the error committed was harmless within the meaning of Federal Rule of Civil Procedure 61. We note particularly that there was no white victim as such and that, as in Rosales-Lopez, this was essentially a victimless crime. We do note, on the other hand, that while there was no violence involved directly in the circumstances of the immediate offense, the government did introduced into evidence defendant's admissions that he had committed prior felonies which were themselves violent in nature. The possibility that such circumstances could arise in any trial, even if unanticipated at its inception, should caution a prudent judge to grant such a simple instruction upon request.
 
 
 5
 As to Ellick's second claim, we find the judge's volunteered comment upon the evidence after the jury had retired to be out of line as lacking both in balance and in support upon the record. However, we do not believe that the comment was so inherently unfair as to warrant a reversal, especially when the issue involved was collateral to the principal issues before the jury.
 
 
 6
 Ellick has submitted to the court on his own behalf a letter to his court-appointed counsel indicating two other issues which he believes should have been presented. Ellick argued that:
 
 
 7
 In order for me to be properly convicted under sections 1202(a)(1) and 2, the government must demonstrate that I willfuly aided and abetted the principal offender(s) in the knowing possession of firearms; the principal being an ex-felon with three prior felony convictions in the nature of robbery and/or burglary. United States v. Fallata, 523 F.2d 1198 (5th Cir.1975). Clearly, this burden of proof rests with the government. Id. And indeed the government has failed to meet this burden of proof in the case at bar.
 
 
 8
 Moreover, violations of sections 1202(a)(1) and 2 cannot be established (sine qua non) by mere evidence of the participation in the negotiation of pawning firearms and not the retention of the same.
 
 
 9
 Defense counsel said he had considered the issues raised and had determined that they were not appropriate, and we conclude that it was well within his discretion to determine which issues he would present as a part of the appellate strategy in the case. The decision in our judgment was a wise one and did not amount to incompetence of counsel and we conclude, as did he, that those claims were altogether without merit.
 
 
 10
 Accordingly the judgment of the district court is AFFIRMED.